CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

September 12, 2013

LETTER TO COUNSEL:

RE:   *Elaine Heckner v. Commissioner of Social Security*
      Civil No. TJS-12-0379

Dear Counsel:

This matter is before me by the parties' consent. ECF Nos. 5 & 7. On February 8, 2012, Plaintiff Elaine Heckner ("Ms. Heckner") petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). ECF No. 1. I have considered Ms. Heckner's Motion for Summary Judgment (ECF No. 15), the Commissioner's Motion for Summary Judgment (ECF No. 19) and Ms. Heckner's Response in Opposition thereto (ECF No. 20). I find that no hearing is necessary. Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons that follow, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

On February 26, 2009, Ms. Heckner filed applications for SSI and DIB benefits alleging disability commencing May 16, 2003. (Tr. 160-66). Ms. Heckner's claims were denied initially on April 24, 2009, and upon reconsideration on November 5, 2009. (Tr. 78-81). A hearing was held on July 8, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 34-77). Following the hearing, on September 2, 2010, the ALJ determined that Ms. Heckner was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-28). On December 12, 2011, the Appeals Council denied Ms. Heckner's request for further review of the ALJ's decision. (Tr. 1-6). The ALJ's decision dated September 2, 2010 constitutes the final, reviewable decision of the agency.

The ALJ evaluated Ms. Heckner's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Ms. Heckner was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since May 16, 2003. (Tr. 18). At step two, the ALJ found that Ms. Heckner suffered from the severe impairments of Crohn's disease, degenerative disc disease, and depression. (Tr. 18-19). At step three, the ALJ found that Ms. Heckner's impairments, separately and in combination, failed to meet or equal in severity any listed impairment. (Tr. 20).

The ALJ then determined that, despite Ms. Heckner's severe impairments, she retained

the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: the claimant retains the ability to lift 10 pounds occasionally and less than 10 pounds frequently, stand for 30 minutes at a time and sit for 30 minutes at a time consistently on an alternate basis. The claimant has the residual functional capacity to perform work activities not requiring repetitive turning of her neck or overhead reaching. The claimant has the ability to perform work activities that allow her to avoid unprotected heights and dangerous machinery. She can perform tasks that allow for mild limitations in pushing and pulling, occasional headaches and tasks that allow her to have ready access to a bathroom when she needs it. The claimant can perform simple, routine unskilled tasks (SVP-2) that allow for mild to moderate limitations in social functioning.

(Tr. 21).

At step four, the ALJ determined that Ms. Heckner is unable to perform any past relevant work. (Tr. 26). At step five, however, the ALJ determined that considering Ms. Heckner's "age, education, work experience and residual functional capacity, there are other jobs that exist in significant numbers that [she] can perform." (Tr. 26). As a result of this determination, the ALJ found that Ms. Heckner was not disabled during the relevant time frame.

Ms. Heckner presents three arguments on appeal. First, she contends that the ALJ's reliance on a Vocational Expert's testimony at Step 5 was improper, because the expert's testimony was inconsistent with the Dictionary of Occupational Titles. ECF No. 15 at 13. Second, Ms. Heckner argues that the ALJ failed to properly evaluate and weigh the opinion of Dr. Michael Moran, her treating physician. ECF No. 15 at 19. Third, she argues that the ALJ failed to consider the effects of her impairments in combination with one another. ECF No. 15 at 24. I will address each of these arguments in turn.

First, Ms. Heckner argues that the ALJ improperly relied on the testimony of a vocational expert ("VE") at step five of the sequential evaluation process. At the hearing, the ALJ asked a VE to assume, among the other restrictions and capabilities outlined in the RFC, that Ms. Heckner was limited to performing "simple, routine, unskilled jobs . . . [with] low concentration, low memory level; is able to attend tasks and complete schedules, however; SVP 2 in nature." (Tr. 64). The VE testified that Ms. Heckner would be capable of working as an information clerk, an order clerk, or a credit clerk. (Tr. 65-66). Each of these positions, the VE testified, were "SVP 2 jobs . . . [meaning] that it is unskilled work, one- or two-step tasks, where the totality of the job can be learned in less than 30 days." (Tr. 66). Ms. Heckner's counsel asked the VE to identify the DOT reasoning level of the job of information clerk (Tr. 69). The VE testified that the reasoning level of information clerk is reasoning level three, which requires an individual to "appl[y] common sense understanding to carry out instruction that is furnished in either written, or oral, or diagrammatic form; deal with problems involving concrete variables in or from standardized situations." (Tr. 69). The VE went on to testify that the requirements of jobs at reasoning level three are not inconsistent with the performance of "simple, repetitive tasks"

because "in the SVP of 2" all that is required is "a short demonstration to learn all of the duties of the job, or demonstration up to 30 days." (Tr. 70).

Ms. Heckner contends that because the ALJ limited her to performing "simple, routine unskilled tasks," she would be incapable of performing the jobs identified by the VE listed at reasoning level three in the DOT. Her limitations, Ms. Heckner argues, are more consistent with jobs at reasoning level one, which requires only an ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." ECF No. 15 at 16. Pointing to this alleged inconsistency between the VE's testimony and the DOT, Ms. Heckner argues that the ALJ should not have relied on the VE's testimony without resolving this alleged conflict. ECF No. 15 at 17. Having done so, the ALJ accepted the VE's testimony that Ms. Heckner could perform jobs that exceeded the abilities set forth in her RFC. ECF No. 15 at 17.

At step five of the sequential evaluation process, the ALJ must consider the claimant's RFC, age, education, and work experience to determine if the claimant can make an adjustment to other work. 20 C.F.R. §§ 404.1520(g); 416.920(g). The Commissioner employs vocational experts to offer evidence as to whether a claimant possesses the residual functional capacity to meet the demands of past relevant work or adjust to other existing work. 20 C.F.R. §§ 404.1560(b)-(c), 416.960(b)-(c). The vocational expert may respond to a hypothetical question about a person "with the physical and mental limitations imposed by the claimant's medical impairment(s)." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) (quoting *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989)). Social Security Ruling 00-4p states that the occupational evidence provided by a VE "generally should be consistent with the occupational information supplied by the DOT," and any "apparent unresolved conflict[s]" must be resolved with a "reasonable explanation [by the VE]" before the ALJ relies on the VE's testimony. SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000).

Ms. Heckner's first argument fails because there was no unresolved conflict between the VE's testimony and the information supplied by the DOT. The VE testified that Ms. Heckner was capable of performing a job that the DOT listed as requiring reasoning level three. The VE explained that while she did not consider the reasoning levels in the DOT (Tr. 69), reasoning level three was not inconsistent with the performance of "simple, routine unskilled tasks" (Tr. 70). In addition, there is no evidence that Ms. Heckner is unable to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" or "deal with problems involving several concrete variables in or from standardized situations." In fact, the ALJ's finding that Ms. Heckner is capable of performing the jobs suggested by the VE is supported by substantial evidence. *See* Tr. 38, 1229-31, 1251-54 & 1269-72; *see also Yates v. Astrue*, Case No. PWG-09-3394. 2012 WL 280528, *2-3 (D. Md. Jan. 30, 2012).

Next, Ms. Heckner argues that the ALJ failed to properly weigh the opinion of her treating physician, Dr. Michael Moran. ECF No. 15 at 19. Ms. Heckner contends that "the ALJ's

reason for discounting Dr. Moran's opinion" with respect to the severity of her pain "is woefully inadequate." ECF No. 15 at 20. The opinion of a treating physician is entitled to controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d at 590; see also 20 C.F.R. §§ 404.1527(c), 416.927(c).[1] Federal regulations require an ALJ to assess a number of factors when considering what weight to assign to the medical opinions presented. 20 C.F.R. §§ 404.1527(c), 416.927(c). These factors include: (1) the examining relationship between the physician and the claimant; (2) the treatment relationship between the physician and the claimant; (3) the extent to which a medical opinion is supported by relevant evidence; (4) the consistency of a medical opinion with the record as a whole; and, (5) whether the physician's opinion relates to an area in which they are a specialist. *Id*. While treating source opinions on issues reserved to the Commissioner, such as determining a claimant's RFC, are not entitled to controlling weight, the ALJ must still evaluate all of the evidence in the case record to determine the extent to which the physician's opinion is supported by the record as a whole. *Id*.

While the ALJ must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. §§ 404.1527(c), 416.927(c), where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590; 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Specifically, an ALJ may attribute little weight to a treating source opinion when it is unsupported, inconsistent with other evidence in the record, or based on a short term treating relationship. *Id*.; *see also Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) ("The ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence[.]") The ALJ is also not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96–5p, 1996 WL 374183. Pursuant to 20 C.F.R. §§ 404.1527(e)(2)(ii) and 416.927(e)(2)(ii), the ALJ is required to "explain in the decision the weight given to . . . any opinions from treating sources, nonteaching sources, and other non-examining sources who do not work for [the Social Security Administration]."

In this case, contrary to Ms. Heckner's argument, the ALJ appropriately considered the opinions of Dr. Moran. Ms. Heckner's primary objection is the ALJ's rejection of Dr. Moran's opinion that her pain was "severe enough to interfere with [her] attention and concentration 'constantly' and that she was incapable of even low stress jobs" (Tr. 24). Ms. Heckner contends that the ALJ's rejection of this opinion was improper because it did not take into account the length and nature of the treatment relationship, the consistency of the opinion with objective medical evidence, or Dr. Moran's role as a gastroenterology specialist. ECF No. 15 at 23. The Court finds that the ALJ accorded appropriate weight to Dr. Moran's opinions as Ms. Heckner's treating physician, and that the ALJ's determination that part of Dr. Moran's opinions should be rejected is supported by substantial evidence. The ALJ rejected Dr. Moran's opinion that Ms. Heckner's impairments were disabling based on his finding that the opinion was based on Ms. Heckner's subjective complaints, which the ALJ properly found not to be wholly credible. The

---

[1] Effective March 26, 2012, the Commissioner's regulations concerning medical opinions were revised, but without substantive change.

ALJ considered Ms. Heckner's subjective complaints in light of the medical evidence that indicated that her impairments required only conservative treatment over time, and that her condition had improved with treatment. Where Ms. Heckner's complaints concerning the "intensity, persistence and limiting effects" of her symptoms were inconsistent with the objective medical evidence, the ALJ properly found that her complaints were not fully credible. (Tr. 24). Having made this finding, the Court further finds that the opinions of Dr. Moran that were based on Ms. Heckner's own complaints were properly rejected. Additionally, that Dr. Moran's opinions should have been afforded greater weight, putting aside Ms. Heckner's self-reported complaints, is rebutted by Dr. Moran's own report. (Tr. 1282-86). In this report, Dr. Moran stated that the reason for his opinion that Ms. Heckner was "incapable of even 'low stress jobs'" was because it was "stated as such by patient and mother." Later in this report, Dr. Moran is unable to rate many of Ms. Heckner's "functional limitations if . . . placed in a competitive work situation." (Tr. 1285). With respect to Ms. Heckner's complaints of memory problems, Dr. Moran states only that "[patient complains of] poor memory." (Tr. 1286). It is clear from Dr. Moran's own report that the opinions rejected by the ALJ were based solely on Ms. Heckner's subjective complaints, which the ALJ properly found not to be entirely credible. For this reason, Ms. Heckner's second argument fails.

Finally, Ms. Heckner argues that the ALJ failed to consider the effects of her physical impairments in combination with her depression. This argument is also without merit. In determining Ms. Heckner's RFC, the ALJ adequately explained his evaluation of the combined effects of her physical and mental impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). For example, the ALJ found that her work should be limited to sedentary work, taking into account the limitations she has in light of her degenerative disc disease. The ALJ also found that she should have ready access to a bathroom, which takes into account the effects of Ms. Heckner's Crohn's disease. Finally, the ALJ took into account Ms. Heckner's depression in finding that she is limited to performing "simple, routine unskilled tasks" with "mild to moderate limitations in social functioning." (Tr. 21). The ALJ took into consideration the combined effects of Ms. Heckner's impairments in formulating the RFC. Ms. Heckner fails to articulate any way that the effects of her impairments should have been more properly considered in combination. I find that the ALJ properly considered the combined effect of Ms. Heckner's impairments and that his decision is supported by substantial evidence.

For the reasons set forth herein, Ms. Heckner's Motion for Summary Judgment (ECF No. 15) will be DENIED, and the Commissioner's Motion for Summary Judgment (ECF No. 19) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                        Sincerely yours,

                                        _____/s/_____

                                        Timothy J. Sullivan
                                        United States Magistrate Judge